## Collingdale Borough v. Delaware County Electric Co.

*Municipal corporations—Public utility corporations—Agreement for location of poles—Curb-line—New line—Equity jurisdiction.*

1. Where an agreement between a municipality and a public utility corporation, granting the right to the latter to erect poles on the south side of a street, provides that if the street shall be widened the company will set the poles back to the new curb or proper line, upon the widening of the street the company will be required to set the poles back to the new curb-line on the south side; removing them to the north side is not a compliance with the agreement.

2. Equity has jurisdiction of the question by virtue of the statutes conferring on such courts supervision and control of corporations.

Equity motion to dismiss under Rule 48. C. P. Delaware Co.

*M. Z. Paul*, for plaintiff; *Hannum, Hunter & Hannum*, for defendant.

BROOMALL, J., Dec. 3, 1926.—The bill of the plaintiff avers an original construction by the defendant of a line of poles on the south side of Chester Pike, a street of said borough, with its consent. That by an agreement between the plaintiff and defendant in writing, entered into on Sept. 21, 1920, the defendant agreed, in the event of the widening of any of the highways of the borough upon which its poles are erected, "to set them back to the new curb or proper line." That Chester Pike has been widened so that the new south line is coincident with the dividing-line between the Borough of Collingdale and the adjoining municipality of Darby, devoting this widened space to vehicular uses. Thus, the new curb-line became the boundary-line of the plaintiff. The defendant, instead of setting its poles back to the new curb-line, has removed them to the north side of Chester Pike, and, hence, this bill for this violation of the agreement.

The defendant has interposed a preliminary objection to the bill under the 48th Equity Rule and asked for a dismissal of the bill.

The reasons argued for this action, so far as the present contention is concerned, may be summarized thus: First, the plaintiff is not entitled to equitable aid; and second, the location of its poles on the north side of Chester Pike is a compliance with its agreement.

The first reason is disposed of adversely to the defendant by the 13th section of the Act of June 16, 1836, P. L. 789, and the Act of Feb. 14, 1857, § 1, P. L. 39, whereby the supervision and control of corporations is conferred on the equity jurisdiction of the courts.

In support of the second reason, defendant in its motion misquotes the agreement of Sept. 21, 1920, as saying that when the street shall be widened, the defendant is required to remove its poles back to the curb-line. The latter is entirely practicable, and, hence, the location of the poles on the north side of Chester Pike is not a compliance with the agreement.

It, therefore, follows that we dismiss the objections of the defendant and require it to answer within thirty days.

From William R. Toal, Media, Pa.